STATE OF NEBRASKA, APPELLEE, v. WILLIE E. TUCKER, APPELLANT.

340 N.W.2d 376

Filed November 18, 1983. No. 82-537.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and G. Roderic Anderson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

After a trial to a jury appellant, Willie E. Tucker, was found guilty of first degree murder in the commission of a robbery. Tucker was sentenced to imprisonment for life.

Appellant assigns as the only error for consideration that the trial court erred in admitting his confession into evidence. Appellant does not argue that he was not fully informed of his fifth amendment right against self-incrimination and of his sixth amendment right to the assistance of counsel as guaranteed by the U.S. Constitution. Nor does appellant assert he did not voluntarily waive those rights. See *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Rather, appellant argues that the confession was involuntary when the totality of the circumstances is considered. *State v. Prim*, 201 Neb. 279, 267 N.W.2d 193 (1978).

Factors to be taken into account in the determination of whether a confession is the product of a free will (i.e., voluntary) are (1) the circumstances of the arrest, (2) the circumstances of continuing custody, (3) the duration of custody, and (4) the pattern of in-

terrogation. *Dunaway v. New York*, 442 U.S. 200, 99 S. Ct. 2248, 60 L. Ed. 2d 824 (1979).

The appeal arises out of an armed robbery at the International House of Pancakes at 29th and Dodge Streets in Omaha, Nebraska, on December 23, 1981. During the course of the robbery, the victim, Lisa Lisko, a waitress and cashier, was shot and killed by one of the two robbers.

The appellant was identified by a witness as being at the scene. After investigation a warrant was issued and the appellant was arrested at his father's home in Omaha at approximately midnight on December 30, 1981.

Viewed most favorably to the State, the evidence received at the motion to suppress discloses that the appellant was allowed to dress and was taken to the Omaha police station. He was escorted to an interrogation room on the fourth floor, handcuffs were removed, and he was advised of his rights per *Miranda v. Arizona, supra.* After first being advised that he was under arrest for the murder of Lisa Lisko, the appellant stated that he understood his rights, waived presence of counsel, and consented to speak with the officers.

The interviewing officer testified that the appellant did not appear to be intoxicated or under the influence of drugs. The appellant confirmed the testimony. After the appellant initially denied any knowledge of the homicide, Officer Lanny Lenker informed him that a witness had identified appellant as present at the pancake house on the night of the murder. Appellant responded that he "just felt terrible, that he would just as soon go to the electric chair due to the fact that his entire life had been destroyed." Appellant was thereafter informed that his brother had made a statement. Appellant asked to speak to his father; the police complied. After speaking with his father, appellant was again told of the witness placing him at the scene. Appellant began crying, stating that he "didn't mean to shoot the

girl." He was not threatened, coerced, or promised anything, and told police of his involvement in the crime. At approximately 2:40 a.m., after the oral confession, a taped statement was taken. Again, on the tape, all rights were explained and waived. Toward the end of the statement appellant remarked: "I wanted to get this off my back." His final comment was: "Everything I said, that's the way it came to me." The statement was finished at 3:05 a.m.

The total elapsed time from the beginning of the interrogation to the completion was 2 hours 35 minutes, including the time appellant spoke to his father.

The appellant, at the time of the commission of the crime, was a 21-year-old male recently released from incarceration for another crime. He neither maintained nor was shown to be either mentally or physically susceptible to pressure, nor was any pressure, psychological or physical, shown to have existed. The appellant merely asserts that the passage of 2½ hours from the time of the first interview until the completion of the taped statement in and of itself is coercive, and reason to suppress the statement. He cites no authority, nor have we discovered any that supports his view.

Evidence exists to support the trial court's finding that the confession was voluntary, and since the finding is not clearly erroneous, it will not be set aside on appeal. *State v. Ellefson*, 214 Neb. 747, 336 N.W.2d 88 (1983).

AFFIRMED.